stop the car to prevent injuring the child as he could and should have been in the exercise of reasonable care for the child's safety.

2. STREET RAILROADS, § 69*—*what constitutes insufficient warning to child of danger from car.* Ringing of a street car gong and yelling by the motorman serve no useful purpose as warning to a 2-year-old child, as such child would in the natural order of things be wholly without judgment or knowledge or appreciation of the purpose of such warning or understanding of the significance of such ringing and yelling, or realization of the effect of the speed of the car or the dangers that might result therefrom.

3. DAMAGES, § 115*—*when verdict for personal injuries not excessive.* Judgment for $2,500 *held* not excessive for injuries to a 2-year-old child necessitating constant attention of a physician for 3 months, with daily dressing and skin grafting, great pain for a long time, and a permanent scar tissue covering the wound, and inability to walk for 4 or 5 months.

---

## Richard Farnsworth, Plaintiff in Error, v. William Gromm, Defendant in Error.

### Gen. No. 6,373.    (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917. Rehearing denied October 3, 1917.

### Statement of the Case.

Action by Richard Farnsworth, plaintiff, against William Gromm, defendant, to recover for the use and occupation of certain premises. From a judgment for defendant for costs, upon trial by the court and motion by defendant to exclude all the evidence, plaintiff brings error.

BUTTERS & CLARK, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

STEAD, WOODWARD & HIBBS, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 62*—*when does not lie for use and occupation against contract purchaser of land.* Under a contract for the purchase by defendant of certain premises upon partial payments, providing that upon his default in any required payment plaintiff should have the option of terminating the contract and retaining as liquidated damages any payments made, and that defendant should retain possession of the premises until such default and exercise of plaintiff's option, where defendant made default and plaintiff exercised his option by forfeiting and determining the contract and demanding possession of the premises, and defendant surrendered same, *held* that an action in assumpsit would not lie for use and occupation of the premises or for damages under the contract.

---

### Joseph Carneghi, Administrator, Appellee, v. Theodore P. Gerlach, Appellant.

#### Gen. No. 6,379.

1.  AUTOMOBILES AND GARAGES, § 3*—*when contributory negligence of city street sweeper is question for jury.* Whether a city street sweeper engaged at his work in a street was negligent because he was paying attention to his work and not to the approach of an automobile or because his back was to such approaching car, *held* to be questions for the jury, in an action to recover damages for injuries sustained by him.

2.  AUTOMOBILES AND GARAGES, § 3*—*when evidence shows negligent operation of automobile striking city street sweeper.* Evidence *held* sufficient to show that defendant's chauffeur was negligent in the management of his automobile by running it at a greater rate of speed than was consistent with the safety of plaintiff's decedent,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.